UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>Vincent Rashad Cooper</u>

    v.                                    Case No. 14-cv-84-SM
                                             Opinion No. 2014 DNH 077

<u>New Hampshire State Prison Warden</u>

**O R D E R**

Petitioner, Vincent Rashad Cooper, has filed a petition for habeas corpus relief under 28 U.S.C. § 2241, alleging that defendants, New Hampshire State Prison and one of its administrative hearing officers, deprived him of his federal right to due process during the course of prison disciplinary proceedings.  Cooper's petition is before the court for preliminary review.  <u>See</u> Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  If "it plainly appears . . . that the petitioner is not entitled to relief in the district court," the court "must dismiss the petition."  <u>Id</u>. Rule 4.

Cooper alleges that defendants deprived him of due process when they failed to abide by a prison regulation requiring that he be given twenty-four hours advance notice of the date and time of his disciplinary hearing.  As relief for the alleged due process violation, Cooper asks this court to "[d]ismiss all disciplinary sanctions" imposed by the prison authorities

following his hearing, specifically, "5 days punitive segregation suspended for 90 days, 20 hrs extra duty, 15 hrs loss of recreation, 15 days loss of canteen suspended for 90 days." Petition at 3.

Generally speaking, "habeas corpus proceedings are the proper mechanism for challenging the 'legality or duration' of confinement," but not the "'conditions of confinement.'" Crooker v. Grondolsky, 2012 WL 5416422, at *1 (D. Mass. Nov. 1, 2012) (citing Preiser v. Rodriguez, 411 U.S. 475, 484-99 (1973)). Given even a liberal reading, the petition here does not plausibly challenge the legality or duration of Cooper's confinement. Rather, it describes what is, in substance, a claim assertable under 42 U.S.C. § 1983 relating to conditions of confinement and a claim that is not likely viable in any event. See Pratt v. New Hampshire Dept. of Corrections, 2007 WL 3342378, at *9 (D.N.H. Nov. 7, 2007) (holding that because the punishment - "additional hours of work duty and the loss of canteen and recreation privileges for a few days" - was not "sufficiently severe," plaintiff failed to state a claim "that defendants violated his constitutionally protected due process rights during the course of the disciplinary proceedings.") (citing Sandin v. Conner, 515 U.S. 472, 484 (1995)).

Accordingly, because Cooper plainly has not stated a cognizable claim for federal habeas corpus relief, the petition is dismissed.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

April 21, 2014

cc: Vincent R. Cooper, pro se